**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV-08-1016–PHX-DGC |
| Petitioner, | ) ) | |
| | ) | **ORDER** |
| vs. | ) ) | |
| David H. Griggs, | ) ) | |
| Respondent. | ) ) | |
| | ) | |

On June 2, 2008, the Court issued an order enforcing an Internal Revenue Service ("IRS") summons issued to Respondent David Griggs.  Dkt. #10.   The Court held a contempt hearing with counsel for the IRS and Mr. Griggs on October 29, 2008.  The Court questioned Mr. Griggs at some length, but was unable to determine whether or not he was willing to comply with the summons.  The Court elected to give Mr. Griggs one more opportunity to comply and scheduled a hearing for **November 5, 2008 at 3:00 p.m.**  The Court advised Mr. Griggs that he must be prepared at that hearing to produce all documents in his possession, custody or control that reflect any money he received from his heating and air conditioning repair business during the years 2001, 2002, 2005, and 2006.  The Court advised Mr. Griggs that if he fails to produce the documents at the hearing, he will be held in contempt and taken into custody.  The Court further stated that if Mr. Griggs produces the documents, it will require him further to submit to questioning under oath by the IRS at a later date.

1    During the hearing, Mr. Griggs repeatedly mentioned his rights under the Fifth

2    Amendment to the United States Constitution and questioned whether he was a taxpayer,

3    whether he received income, or whether he was liable for income tax under applicable federal

4    regulations.   The Court explained that it finds him to be a taxpayer, that he is legally

5    obligated to turn over all documents covered by the summons of the IRS concerning his

6    receipt of money from his business, and that the Fifth Amendment does not permit him to

7    categorically refuse to disclose such documents.

8    Mr. Griggs' suggestion that the money he receives from his business is not taxable

9    income is frivolous and has been soundly rejected by the courts.  *See, e.g.*, *Maisano v. United*

10   *States*, 908 F.2d 408, 409 (9th Cir. 1990) ("[T]he Maisanos argue that the [tax] assessment

11   in part was based on wages earned from 'an occupation of common right' which they believe

12   are not subject to federal income tax.  This argument, however, is simply a variation on the

13   'wages are not income' argument which we repeatedly have rejected as frivolous and do so

14   again here.") (citation omitted); *Rowlee v. Comm'r of Internal Revenue*, 80 T.C. 1111, 1120

15   (1983) ("[Petitioner] argues that taxation of the amounts paid to him in exchange for his labor

16   is a tax on the 'source' of income and not on the income itself.  This 'taxation on source'

17   argument is spurious; the tax is imposed on the money he receives for his services, not on the

18   performance of those services.  Similarly unworthy of extended comment is petitioner's

19   assertion that he is not a 'person liable' for tax."); *see also* U.S. Const. amend. XVI ("The

20   Congress shall have power to lay and collect taxes on incomes, from whatever source

21   derived[.]"); I.R.C. § 61(a) (gross income means "income from whatever source derived,"

22   including compensation for services and gross income derived from business).

23   It is well established that taxpayers are "required to maintain records and make them

24   available to the government so that a tax liability can be made."  *Carr Enters., Inc. v. United*

25   *States*, 698 F.2d 952, 954 (8th Cir. 1983) (citing 26 U.S.C. §§ 6001, 7602).  Under section

26   7602, "the IRS has wide latitude to issue a summons for investigatory purposes."  *Reiserer*

27   *v. United States*, 479 F.3d 1160, 1166 (9th Cir. 2007).  "It needs only to make a prima facie

28   showing of good faith that the documents it seeks may be relevant to a legitimate purpose,

1   that it does not already possess the information sought, and that it has followed the required

2   administrative steps." *Id.* (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). The

3   IRS has made the required showing in this case. *See* Dkt. #10. Mr. Griggs therefore is

4   required to comply fully with the IRS summons.

5          Mr. Griggs' alleged Fifth Amendment rights were generalized. "A taxpayer cannot

6   base his failure either to cooperate with the IRS or to produce records on a generalized fear

7   of self-incrimination. The fifth amendment privilege cannot be used as a method of evading

8   payment of lawful taxes." *Edelson v. Comm'r of Internal Revenue*, 829 F.2d 828, 832 (9th

9   Cir. 1987); *see Fisher v. United States*, 425 U.S. 391, 410 (1976) ("The taxpayer cannot

10  avoid compliance with the subpoena merely by asserting that the item of evidence which he

11  is required to produce contains incriminating writing, whether his own or that of someone

12  else."). Any possible tacit admissions made by the act of producing documents identified in

13  the IRS summons, e.g., that such documents exist and are possessed or controlled by

14  Mr. Griggs, "do not rise, under circumstances showing in this record, to the level of

15  'testimony' within the protection of the Fifth Amendment." *United States v. Osborn*, 561

16  F.2d 1334, 1339 (9th Cir. 1977); *see United States v. Taylor*, No. CV-06-3121-PHX-SRB,

17  2007 WL 8056622, at *3-6 (D. Ariz. Mar. 14, 2007).

18         DATED this 31st day of October, 2008.

19

20

21  _____

22                  David G. Campbell
                    United States District Judge

23

24

25

26

27

28