**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV-08-1016–PHX-DGC |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| David H. Griggs, | ) | |
| Respondent. | ) | |

On June 2, 2008, the Court issued an order enforcing an Internal Revenue Service ("IRS") summons issued to Respondent David Griggs. Dkt. #10. On September 25, 2008, the Government filed a motion for a contempt finding. Dkt. #13. The Court held a contempt hearing with counsel for the IRS and Mr. Griggs on October 29, 2008. Dkt. #21. During the hearing, Mr. Griggs requested the appointment of counsel. The Court denied the request. A hearing was set for November 5, 2008 to determine whether Mr. Griggs will comply with the summons and this Court's orders. Dkt. #22.

Mr. Griggs has filed a motion for leave to file a supplemental response to the Government's motion for contempt. Dkt. #19. The Court will grant the motion. Mr. Griggs states in his supplemental response that while he is a pro se litigant not versed in the law or familiar with court procedures, he believes he has properly invoked his Fifth Amendment right and should not be held in contempt or incarcerated. Dkt. ##20, 20-2.

Although the Sixth Amendment right to counsel has not been implicated because this summons enforcement proceeding is civil, not criminal, the Government has instituted

1  contempt proceedings against Mr. Griggs.  The Ninth Circuit has held that an indigent
2  litigant is entitled to appointed counsel in a civil contempt proceeding that presents the threat
3  of imprisonment.  *See United States v. Sun Kung Kang*, 468 F.2d 1368, 1369 (9th Cir. 1972)
4  ("We have concluded that an indigent witness is entitled to appointed counsel in [a civil
5  contempt] proceeding.  Threat of imprisonment is the coercion that makes a civil contempt
6  proceeding effective.  The civil label does not obscure its penal nature."); *Henkel v.
7  Bradshaw*, 483 F.2d 1386, 1389 (9th Cir. 1973) (imprisonment prohibited if the defendant
8  "is not represented by counsel in the contempt hearing") (citing *Sun Kung Kang* and
9  *Argersinger v. Hamlin*, 407 U.S. 25 (1972)); *see also Lassiter v. Dep't of Soc. Servs.*, 452
10 U.S. 18, 26 (1981) ("[T]he Court's precedents speak with one voice about what 'fundamental
11 fairness' has meant when the Court has considered the right to appointed counsel, and we
12 thus draw from them the presumption that an indigent litigant has a right to appointed
13 counsel only when, if he loses, he may be deprived of his physical liberty."); *United States
14 v. Bobert Travel Agency, Inc.*, 699 F.2d 618, 620 (2d Cir. 1983) (indigent defendant entitled
15 to appointed counsel in civil contempt proceeding); *but see United States v. Standifird*, No.
16 CIV 06-2055 PHX RCB, 2006 WL 3201027, at *3-4 (D. Ariz. Nov. 3, 2006); *United States
17 v. Rylander*, 714 F.2d 996, 1004 (9th Cir. 1983) (distinguishing between criminal and civil
18 contempt proceedings and stating that the right to counsel does not apply in a civil contempt
19 proceeding).

20         Given this case law and the Fifth Amendment issues present in this case, the Court
21 finds that the case is "exceptional" for purposes of 28 U.S.C. § 1915 and the appointment of
22 counsel is appropriate if Mr. Griggs does not already have counsel and he shows that he is
23 financially indigent.  *See Bobert*, 699 F.2d at 619-20 ("Bennett's claim that his Fifth
24 Amendment rights have been abridged in this contempt context presents thorny and unsettled
25 issues, but the hazards of those issues underscore that Bennett should not have been denied
26 the assistance of counsel:  To guide a client between the Scylla of contempt and the
27 Charybdis of waiving his Fifth Amendment privilege requires not only a lawyer but an astute
28 one.").  Mr. Griggs' supplemental response, however, appears to have been drafted by a

lawyer. If Mr. Griggs is being assisted by a lawyer in this case, he shall appear at the November 5, 2008 hearing with his lawyer. If Mr. Griggs does not have counsel, and if he still seeks the appointment of counsel, he shall complete the financial affidavit attached to this order and provide it to the Court at the November 5 hearing. The Court will determine at the hearing whether Mr. Griggs will be appointed counsel.

**IT IS ORDERED:**

1. Respondent's motion for leave to file supplemental response (Dkt. #19) is **granted**.
2. The Clerk shall file the proposed supplemental response (Dkt. #20).

DATED this 3rd day of November, 2008.

David G. Campbell
United States District Judge

| CJA 23     | **FINANCIAL AFFIDAVIT** |
|------------|-------------------------|
| Rev. 5/98  | IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE |

IN UNITED STATES   ☐ MAGISTRATE   ☐ DISTRICT   ☐ APPEALS COURT or   ☐ OTHER PANEL (Specify below)

IN THE CASE OF

_____ V.S. _____

FOR

AT

LOCATION NUMBER

PERSON REPRESENTED (Show your full name)

1 ☐ Defendant—Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Parole Violator
6 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other

DOCKET NUMBERS
Magistrate

District Court

Court of Appeals

CHARGE/OFFENSE (describe if applicable & check box →)   ☐ Felony   ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**ASSETS**

**EMPLOYMENT**
Are you now employed   ☐ Yes   ☐ No   ☐ I Am Self-Employed
Name and address of employer: _____
IF YES, how much do you earn per month? $ _____
IF NO, give month and year of last employment
How much did you earn per month? $ _____
If married is your Spouse employed?   ☐ Yes   ☐ No
IF YES, how much does your Spouse earn per month? $ _____
If a minor under age 21, what is your Parents or Guardian's approximate monthly income? $ _____

**OTHER INCOME**
Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form the form of rent payments, interest, dividends, retirement or annuity payments, or other sources?   ☐ Yes   ☐ No
RECEIVED   SOURCES
IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY THE SOURCES   $ _____   _____

**CASH**
Have you any cash on hand or money in savings or checking accounts?   ☐ Yes ☐ No   IF YES, state total amount $ _____

**PROPERTY**
Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?   ☐ Yes   ☐ No
VALUE   DESCRIPTION
IF YES, GIVE THE VALUE AND DESCRIBE IT   $ _____   _____

**OBLIGATIONS & DEBTS**

**DEPENDENTS**
MARITAL STATUS
\_\_\_ SINGLE
\_\_\_ MARRIED
\_\_\_ WIDOWED
\_\_\_ SEPARATED OR DIVORCED
Total No. of Dependents \_\_\_
List persons you actually support and your relationship to them

**DEBTS & MONTHLY BILLS**
(LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.)

| APARTMENT OR HOME: | Creditors | Total Debt | Monthly Paymt. |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

I certify under penalty of perjury that the foregoing is true and correct. Executed on (date) _____

SIGNATURE OF DEFENDANT ▶ _____
(OR PERSON REPRESENTED)