**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,           )<br>                                                   )<br>         Petitioner,                      )<br>                                                   )<br>vs.                                            )<br>                                                   )<br>David H. Griggs,                       )<br>                                                   )<br>         Respondent.                  )<br>_____)<br>                                                   )<br>David H. Griggs,                       )<br>                                                   )<br>         Petitioner,                      )<br>                                                   )<br>United States of America; Internal )<br>Revenue Service; and Jennifer Pardue, )<br>Revenue Officer, IRS,              )<br>                                                   )<br>         Respondents.                )<br>                                                   )<br>_____) | No. CV-08-1016–PHX-DGC<br>No. MC-08-0103-PHX-DGC<br><br>**ORDER** |

On June 2, 2008, the Court issued an order enforcing an Internal Revenue Service ("IRS") summons issued to David Griggs. Dkt. #10. The Government filed a motion for a contempt finding. Dkt. #13. Griggs has filed a motion to dismiss the order enforcing the summons on Fifth Amendment grounds. Dkt. #27. Griggs also has filed a petition to quash the summons. Dkt. #1 (Case No. MC-08-103).

The Government contends that the summonsed documents are not protected by the Fifth Amendment and the act of producing the documents is not testimonial for purposes of the Fifth Amendment because the existence of the documents is a "foregone conclusion."

Dkt. #35 at 5 (citing *United States v. Norwood*, 420 F.3d 888, 895 (8th Cir. 2005); *Fisher v. United States*, 425 U.S. 391, 408 (1976)). In order for the foregone conclusion rule to apply, the Government must "establish the existence of the documents sought and [Griggs'] possession of them with 'reasonable particularity.'" *United States v. Taylor*, No. CV-06-3121-PHX-SRB (LOA), 2007 WL 805662, at *6 (D. Ariz. Mar. 14, 2007) (citation and quotation marks omitted). The Government asserts that the "IRS is aware of, and Mr. Griggs has admitted on the record, the existence of bank, business, and other records reflecting income and wages during the tax periods at issue." Dkt. #35 at 5-6. This bald assertion is insufficient to satisfy the "reasonable particularity" standard.

If the Government believes that it can establish the existence of the summonsed documents and Griggs' possession of them with reasonable particularity, it shall file a memorandum by **December 12, 2008**. Griggs may file a response by **December 26, 2008**. The Court will thereafter rule on Griggs' motion to dismiss and petition to quash the summons.

DATED this 3rd day of December, 2008.

David G. Campbell
United States District Judge

- 2 -