**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-08-1016–PHX-DGC (Lead Case) |
| Petitioner, | |
| vs. | No. MC-08-0103-PHX-DGC (Consolidated Case) |
| David H. Griggs, | **ORDER** |
| Respondent. | |
| David H. Griggs, | |
| Petitioner, | |
| vs. | |
| United States of America; Internal Revenue Service; and Jennifer Pardue, Revenue Officer, IRS, | |
| Respondents. | |

On March 25, 2008, the Government filed a petition to enforce an Internal Revenue Service ("IRS") summons issued to David Griggs. Dkt. #1, CV-08-1016. On October 15, 2008, Griggs filed a petition to quash an IRS summons issued to a third party. Dkt. #1, MC-08-0103. The cases have been consolidated. Dkt. #37, CV-08-1016; Dkt. #2, MC-08-0103.

**I.     Case No. MC-08-0103.**

The Government has filed a motion to dismiss Griggs' petition to quash as moot because the third party summons has been withdrawn. Dkt. #42. Griggs agrees that his

petition is moot. Dkt. #46 at 1 n.1. The Court will therefore grant the Government's motion to dismiss.

**II.     Case No. CV-08-1016.**

      **A.     Background.**

On August 10, 2007, the IRS issued a summons to Griggs directing him appear before IRS Officer Jennifer Pardue to produce for examination and give testimony about certain "books, records, papers, and other data relating to [a] tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws[.]" Dkt. #3-3 at 5-6. The summons specifically sought information relating to all documents in Griggs' possession or control reflecting the receipt of taxable income by him for the calendar years 2001, 2002, 2005, and 2006, including but not limited to statements of wages, statements regarding interest or dividend income, employee earnings statements, records of deposits to bank accounts, and any other relevant "books, records, documents, and receipts regarding wages salaries, tips, fees, commissions, and any other compensation for services[.]" *Id.*

Griggs appeared before Officer Pardue on August 22, 2007, but did not comply with the summons. *See* Dkt. ##1 ¶ 9, 3 at 2. The Government filed a petition to enforce the summons on March 25, 2008. Dkt. #1. The Court granted the motion. Dkt. #10.

Griggs appeared before Officer Pardue a second time on June 23, 2008. He did not produce the summonsed documents and refused to give testimony on Fifth Amendment and relevancy grounds. *See* Dkt. ##15, 25, 28.

The Government sought a civil contempt finding. Dkt. #13. The Court held a contempt hearing on October 29, 2008. Dkt. #21. The Court questioned Griggs at some length, but was unable to determine whether he was willing to comply with the summons. The Court elected to give Griggs one more opportunity to comply and scheduled a hearing for November 5, 2008. *Id.* Griggs appeared at the hearing, but again refused to comply with the summons on Fifth Amendment grounds. Griggs also filed a motion to dismiss the order

1  enforcing the summons on the same grounds. Dkt. #27.[1]

2  **B.    Discussion.**

3  The Government contends that the act of producing the summonsed documents is not testimonial for purposes of the Fifth Amendment because the existence of the documents and Griggs' possession of them are a "foregone conclusion." Dkt. ##14 at 4, 35 at 5. As requested by the Court (Dkt. #39), the parties have filed briefs addressing that issue. Dkt. ##41, 46, 48. For reasons stated below, the Court finds that the Government has not at this point satisfied the foregone conclusion rule. The Court will refer this matter to a United States Magistrate Judge for further proceeding and the issuance of a report and recommendation.

**1.    Foregone Conclusion Rule.**

An individual's production of documents in response to an IRS summons may have incriminating testimonial aspects. *See United States v. Hubbell*, 530 U.S. 27, 36 (2000); *see also United States v. Doe*, 465 U.S. 605, 612-13 (1984); *Fisher v. United States*, 425 U.S. 391, 410 (1976). In producing documents in compliance with a summons, the individual "admits that the documents exist, are in his possession or control, and are authentic." *In re Grand Jury Subpoena*, 383 F.3d 905, 909 (9th Cir. 2004) (citing *Hubbell*, 530 U.S. at 36). "These types of admissions implicitly communicate statements of fact that may lead to incriminating evidence." *Id.* When, however, the existence and location of the summonsed documents are a "foregone conclusion" and "the witness adds little or nothing to the sum total of the Government's information by conceding that he in fact has the documents, then no Fifth Amendment right is touched because the question is not of testimony but of surrender." *Id.* at 910 (citing *Fisher*, 425 U.S. at 411; quotation marks and brackets omitted).

---

[1] Griggs requested the appointment of counsel and filed a motion to submit his financial affidavit under seal. Dkt. ##20, 32, 33. The Court denied the motion. Dkt. #38. Because Griggs has not requested that his lodged financial affidavit (Dkt. #35) be filed publicly and not under seal (*see* Dkt. #40), the Court cannot determine whether Griggs is entitled to appointed counsel.

a.     **Existence and Possession of Documents.**

During her examination of Griggs, Officer Pardue discovered that he operates a heating and cooling business in the Phoenix area under the name East Valley Air. Dkt. #41-2 ¶ 3. She further learned that Griggs provides work order forms to his customers. *Id.*; *see* Dkt. #41-4. The Government contends that based on this information, it is a foregone conclusion that work order forms exist and are in Griggs' possession. The Government further contends that production of the forms will not add to the Government's knowledge concerning the existence of the forms or Griggs' custody and control of such records. Dkt. #41 at 5.[2]

When deciding whether the Government has met the foregone conclusion rule, the Court must "look to the 'quantum of information possessed by the [G]overnment *before* it issued the [summons].'" *In re Grand Jury Subpoena*, 383 F.3d at 910 (citation omitted; emphasis in original). The Government has presented no evidence showing that at the time the summons issued, it had information sufficient to make the existence of work order forms, or Griggs' possession of such documents, a foregone conclusion. *See Hubbell*, 530 U.S. at 44-45 (the government did not satisfy the foregone conclusion rule where it "[had] not shown that it had any prior knowledge of either the existence or whereabouts of the [actual] documents ultimately produced by the respondent"); *In re Grand Jury Subpoena*, 383 F.3d at 913 ("Here, as in *Hubbell*, the government simply has not shown that it had prior knowledge of the existence of the [subpoenaed] documents."). The Government is correct that it was not required to have actual knowledge of each and every responsive document (*see* Dkt. #41 at 4), but the Government was required "to establish the existence of the documents sought and [Griggs'] possession of them with 'reasonable particularity' before the existence and possession of the documents could be considered a foregone conclusion and the production therefore would not be testimonial." *In re Grand Jury Subpoena*, 383 F.3d at 910 (citing *Hubbell*, 530 U.S. at 44); *see United States v. Taylor*, No. CV-06-3121-

---

[2]The Government asserts that Griggs has admitted in open court to using and maintaining these records, but cites no record evidence in support of this assertion.

1 PHX-SRB (LOA), 2007 WL 805662, at *6 (D. Ariz. Mar. 14, 2007). The Government has
2 not met this burden.

3 Moreover, the Government asserts the foregone conclusion rule only with respect
4 to work order forms. *See* Dkt. #41 at 5-6. The breadth of the summons, however,
5 "far exceeded the [G]overnment's knowledge about the actual documents that [Griggs]
6 created or possessed" during the tax years at issue. *In re Grand Jury Subpoena*, 383 F.3d at
7 910-11. At the time the Government issued the summons, "it had no reason to believe that
8 [Griggs] possessed the myriad of documents it sought." *Id.* "The Government cannot cure
9 this deficiency through the overbroad argument that a businessman such as [Griggs] will
10 always possess general business and tax records that fall within the broad categories
11 described in [the summons]." *Hubbell*, 530 U.S. at 45.

12 In its reply brief, the Government cites *United States v. Rylander*, 460 U.S. 752
13 (1983), for the proposition that because Griggs did not raise lack of possession as a defense
14 at the summons enforcement stage and has not appealed from the order enforcing the
15 summons, he waived the defense and may not raise it for the first time in contempt
16 proceedings. Dkt. #48 at 2. Griggs has asserted a Fifth Amendment claim, not a lack of
17 possession defense. *See* Dkt. #27 at 5. *Rylander* does not preclude consideration of a Fifth
18 Amendment claim for the first time in contempt proceedings where a pro se litigant failed
19 to properly assert the constitutional right in enforcement proceedings. *See United States v.*
20 *Bodwell*, 66 F.3d 1000, 1002 (9th Cir. 1995) (citing *United States v. Sharp*, 920 F.2d 1167,
21 1170 (4th Cir. 1990)); *see also United States v. Torescher*, No. CV 93-5736 SVW (SHX),
22 1994 WL 547514, at *2 (C.D. Cal. Aug. 4, 2004) (concluding that the defendant could raise
23 a Fifth Amendment claim in the contempt proceeding and noting that "*Rylander* simply
24 stands for the proposition that a defendant may not raise lack of possession as a defense
25 where the defendant could have raised the same defense in the enforcement proceedings");
26 *United States v. Allee*, 888 F.2d 208, 213 (1st Cir. 1989) ("Notwithstanding his failure to
27 appeal the enforcement order, . . . Allee is not foreclosed from arguing that invoking his Fifth
28 Amendment privilege was a valid response to particular questions asked or documents sought

1 and was not contumacious."). Moreover, even if the Court were to conclude that Griggs
2 possesses the summonsed documents as a matter of law, the foregone conclusion rule would
3 not apply because the Government has not satisfied the authenticity prong of that rule.

### b.     Authenticity of Documents.

5       The authenticity prong of the foregone conclusion rule requires the Government
6 "to establish that it can independently verify that the compelled documents 'are in fact what
7 they purport to be.'" *In re Grand Jury Subpoena*, 383 F.3d at 912 (citation omitted).
8 Independent verification requires the Government to show "that the documents sought to be
9 compelled would be admissible independent of [Griggs'] production of them" and that the
10 Government is not compelling Griggs "to use his discretion in selecting and assembling the
11 responsive documents, and thereby tacitly providing identifying information that is necessary
12 to the [G]overnment's authentication of the [summonsed] documents." *Id.*

13       The Government does not address this issue in its briefs. *See* Dkt. ##41, 48. Nor is
14 it clear from the record how someone other than Griggs could compile documents responsive
15 to the summons. Such a response by Griggs would provide the Government "with the
16 identifying information that it would need to authenticate [the summonsed] documents."
17 *In re Grand Jury Subpoena*, 383 F.3d at 912. Because the Government "need[s] to rely on
18 the 'truth-telling of [Griggs] to prove the existence of or his access to the documents" (*id.* at
19 913), the authenticity prong of the foregone conclusion rule has not been met. *See United*
20 *States v. Ponds*, 454 F.3d 313, 327 (D.C. Cir. 2006) ("The government cannot make an end-
21 run around the Fifth Amendment by fishing for a document that will answer a question for
22 which it could not demand an answer in oral examination.").

### c.     Foregone Conclusion Rule Summary.

24       The Government has not at this point shown that the foregone conclusion rule applies
25 to the summonsed documents. This ruling does not, however, end the Court's inquiry. In
26 order to resolve Griggs' motion to dismiss and decide whether further contempt proceedings
27 are necessary, the Court must determine whether Griggs' Fifth Amendment claim is valid
28 with respect to both production of the summonsed documents and related oral testimony. *See*

1  *In re Grand Jury Subpoena*, 383 F.3d at 913.

2  **2.    Validity of Fifth Amendment Claim.**

"A reasonable belief that information concerning income or assets, such as that sought in the summons here, might be used to establish criminal failure to file a tax return can support a claim of Fifth Amendment privilege." *Bodwell*, 66 F.3d at 1001. A taxpayer cannot, however, "base his failure either to cooperate with the IRS or to produce records on a generalized fear of self-incrimination." *Edelson v. Comm'r of Internal Revenue*, 829 F.2d 828, 832 (9th Cir. 1987). The privilege must be asserted in response to particular questions asked or documents sought and is "validly invoked only where there are 'substantial hazards of self-incrimination' that are 'real and appreciable,' not merely imaginary and unsubstantial.'" *United States v. Rendahl*, 746 F.2d 553, 555 (9th Cir. 1984) (quoting *United States v. Neff*, 615 F.2d 1235, 1239 (9th Cir. 1980)).

In this case, it is not clear from the record whether production of the summonsed documents and answers to the IRS Officer's questions would "'provide a lead or clue' to evidence having a tendency to incriminate" Griggs. *Neff*, 615 F.2d at 1239 (citation omitted). The Court will refer this matter to a randomly drawn magistrate judge – Judge Mark E. Aspey – to make such a determination. *See* 28 U.S.C. § 636(b); *United States v. Kulak*, No. MC 07-0001-PHX-MHM, 2007 WL 951966, at *2 (D. Ariz. Mar. 28, 2007). The Magistrate Judge may conduct all appropriate proceedings, including but not limited to reviewing documents *in camera* and holding evidentiary hearings or presiding over the IRS Officer's questioning of Griggs. The Magistrate Judge also may allow the Government to make a more complete showing that the foregone conclusion rule applies to work order forms or other summonsed documents.

**IT IS ORDERED:**

1. The Government's motion to dismiss Griggs' petition to quash third party summons (Dkt. #42) is **granted**.
2. Griggs' petition to quash third party summons (Dkt. #1) is **denied**.
3. The Clerk is directed to **terminate** Case No. MC-08-0103.

4. The Government's motion for leave to file reply (Dkt. #47) is **granted**.

5. Griggs' motion to dismiss order enforcing summons (Dkt. #27) is referred to Magistrate Judge Mark E. Aspey to prepare a report and recommendation for this Court. The Magistrate Judge may conduct any hearings or other proceedings deemed appropriate.

DATED this 18th day of February, 2009.

*David G. Campbell*
United States District Judge