1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) No. CV-08-1016–PHX-DGC |
|---|---|
| Petitioner, | ) (Lead Case) |
| vs. | ) No. MC-08-0103-PHX-DGC |
| David H. Griggs, | ) (Consolidated Case) |
| Respondent. | ) **ORDER REGARDING OBJECTIONS** |
|  | ) **TO R&R** |
|  | ) **AND** |
| David H. Griggs, | ) **RENEWED ORDER ENFORCING** |
| Petitioner, | ) **SUMMONS** |
| vs. | ) |
| United States of America; Internal Revenue Service; and Jennifer Pardue, Revenue Officer, IRS, | ) |
| Respondents. | ) |

Pending before the Court is Respondent Griggs's motion to dismiss the Court's order enforcing an IRS summons (Dkt. #27) and Magistrate Judge Mark Aspey's Report and Recommendation ("R&R"). Judge Aspey recommends that the Court deny Griggs's motion. Dkt. #75. Griggs filed an objection to the R&R (Dkt. #76) and the Government filed a response (Dkt. #78). The Court will accept the recommendation of Judge Aspey, deny Griggs's motion, and set forth the further proceedings that are to occur in this case.

**I.     Background.**

On March 25, 2008, the Government filed a petition to enforce an Internal Revenue Service summons issued to David Griggs. Dkt. #1, CV-08-1016. On June 2, 2008, the Court ordered Griggs to produce documents and testimony as required by the summons. Dkt. #10. On June 23, 2008, Griggs appeared before the IRS, declined to provide documents, and asserted a Fifth Amendment privilege in response to all questions. Dkt. #75 at 3.[1] On September 30, 2008, the Court ordered Griggs to show cause why he should not be held in contempt. Dkt. #17. Griggs appeared before the Court on November 5, 2008, refused to comply with the summons, and filed the pending motion to dismiss. Dkt. #75 at 4. The Court referred the matter to Judge Aspey for an R&R, asking for a recommendation on whether Griggs has a Fifth Amendment privilege to refuse to submit to the summons and whether the IRS satisfied the "foregone conclusion" test with regard to the summonsed documents. *Id.* at 9. Judge Aspey provided Griggs an opportunity to produce documents for *in camera* inspection, held an evidentiary hearing, and wrote a detailed and thoroughly research R&R.

Griggs declined Judge Aspey's invitation to submit documents for *in camera* review so that Judge Aspey could determine whether Griggs had a valid Fifth Amendment objection. As a result, Judge Aspey found that Griggs had failed to establish his Fifth Amendment privilege. *Id.* at 14-15. Griggs does not object to this finding.[2]

Although the finding was not necessary in light of his conclusion that Griggs could not assert a valid Fifth Amendment objection, Judge Aspey also found that the IRS did not satisfy the "foregone conclusion" test. No objection has been made to this finding.

---

[1] Citations to pages in the parties' filings will be to the page numbers applied by the Court's electronic docket at the top of each page.

[2] In addition, Judge Aspey noted that Griggs expressly abandoned his Fifth Amendment claim at the outset of the evidentiary hearing. *Id.* at 14. Griggs thereafter asserted the Fifth Amendment in response to specific questions, but refused to explain the basis for his Fifth Amendment objection when asked, and even declined Judge Aspey's invitation to provide the explanation in chambers to Judge Aspey alone. *Id*. at 8 n.2.

Finally, Judge Aspey found that Griggs likely destroyed documents after receiving his summons, a fact that weighs in favor of a finding of contempt. *Id.* at 23. Griggs objects to this finding.[3]

## II. R&R Review Standard.

Because Griggs filed a timely objection to the R&R, the Court will undertake a de novo review of those portions of the R&R to which he made specific objections. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## III. Analysis.

Judge Aspey stated that "a finding of contempt would be appropriate notwithstanding Mr. Griggs' assertion that he does not now possess any documents responsive to the summons" because, among other reasons, "Griggs has admitted that, after being served with the summons, he destroyed some documents which were responsive to the summons." Dkt. #75 at 23. Griggs contends that the record does not show that he destroyed documents. At the July 8, 2009 evidentiary hearing, however, the parties discussed Griggs's practice of destroying records. Griggs provided this testimony:

> Q. So to the extent you had records after August 20, 2007 [the date the IRS summons was served on Griggs] relating to warranty work you did at the end of 2006, your practice would have been to destroy those records?
>
> A. Yes.
>
> Q. . . . So what I'm also asking, then, is when you got this summons at the end of August 2007, you made no effort to identify records that were covered and preserve them; is that correct?

---

[3] In the final paragraph of his objection, Griggs asserts that Judge Aspey erred by stating that Griggs "has not met his burden of establishing a present inability to comply with the summons." Dkt. #76 at 4. Griggs, however, does not address Judge Aspey's ruling or provide any case law or analysis indicating why Judge Aspey is incorrect. The Court will not review this generalized objection. *See Tindall v. Schriro*, 2006 WL 2361721, at *2 (D.Ariz. June 5, 2006) (court need not review general, non-specific objections to R&R).

- 3 -

| | |
|---|---|
| 1 | A. That's probably correct. |
| 2 | Q. Do you have any reason for not doing so? |
| 3 | A. No. I don't think so. |

Dkt. #78 at 2. This testimony supports Judge Aspey's conclusion that Griggs likely destroyed records responsive to the summons.

Griggs further argues that it would have been improper for him to discard records only after the Court ordered him to comply with the IRS summons. Dkt. #76 at 3. This contention is contrary to well-settled law. "An IRS summons imposes a duty to retain possession of summoned documents pending a judicial determination of the enforceability of the summons." *United States v. Asay*, 614 F.2d 655, 660 (9th Cir. 1980). The Court will deny Griggs's objection to the R&R.

## IV. Further Proceedings.

For purposes of further proceedings, the Court reaches several conclusions.

First, Griggs cannot assert a Fifth Amendment objection to the IRS summons for documents. Judge Aspey correctly found that Griggs has failed to establish his right to assert the Fifth Amendment, and Griggs has not objected to this conclusion.

Second, Judge Aspey correctly found that Griggs failed to preserve warranty documents after receipt of the IRS summons. The extent of that failure, and whether Griggs should be held in civil contempt for destruction of documents, must be addressed in further proceedings.

Third, because Griggs cannot assert a valid Fifth Amendment objection to the production of documents, the Court will order Griggs to comply with the Order Enforcing Summons (Dkt. #10) by January 15, 2010. A copy of that Order is attached to this Order as Exhibit A. So there is no ambiguity about Griggs's obligation, the Order Enforcing Summons requires Griggs to produce all documents he "possesses or controls." Dkt. #10 at 2. Griggs therefore must make all reasonable efforts to secure the documents called for in the Order Enforcing Summons, including obtaining the documents from banks and credit card companies. If Griggs fails to comply with this Order, the Court will entertain a motion

to hold him in civil contempt.

Fourth, Griggs raised for the first time before Judge Aspey a lack of possession defense to the production of documents. To assert such a defense, Griggs must produce credible evidence establishing his present inability to comply with the summons. *United States v. Rylander*, 460 U.S. 752, 757 (1983); *United States v. Rue*, 819 F.2d 1488, 1494-95 (8th Cir. 1987); *Bagley v. Santacroce*, 800 F.2d 33, 36-37 (2d Cir. 1986). Griggs cannot meet this burden "simply by alleging nonpossession of the summoned documents and thereafter standing mute and asserting a Fifth Amendment privilege." *Rue*, 819 F.2d at 1495 (citing *Rylander*, 460 U.S. at 758-61). Rather, he must actively produce evidence showing that he has made all reasonable efforts to comply. *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984); *see Sidney v. MacDonald*, 536 F. Supp. 420, 424 (D. Ariz. 1982). Those efforts include obtaining the responsive documents from banks and credit card companies.[4]

**IT IS ORDERED:**

1. Respondent's objection (Dkt. #76) to the R&R is **denied**.
2. Magistrate Judge Mark E. Aspey's R&R (Dkt. #75) is **accepted**.
3. Respondent's motion to dismiss (Dkt. #27) is **denied**.
4. Respondent David Griggs is ordered to comply with the Order Enforcing Summons (Dkt. #10) by January 15, 2010. A copy of the Order Enforcing Summons is attached to this Order as Exhibit A. Respondent must produce all documents called for in the Order Enforcing Summons that he "possesses or controls." Dkt. #10 at 2. Respondent Griggs therefore must make all reasonable efforts to secure the documents called for in the Order Enforcing Summons, including obtaining the documents from banks and credit card

---

[4] The IRS asserts that this obligation includes obtaining documents from customers. Because it is not clear that Griggs possesses or controls documents held by customers, the Court cannot at this stage conclude that he has an obligation to obtain them. To the extent the IRS later argues that Griggs should be held in contempt for failing to obtain documents from customers, the Court will require the IRS to show that he possesses or controls such documents.

companies. The documents shall be produced on January 15, 2010, at the place identified in the Order Enforcing Summons.

Dated this 24th day of November, 2009.

_____
David G. Campbell
United States District Judge

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Petitioner,<br><br>v.<br><br>David H. Griggs,<br><br>    Respondent. | MC-08-00029-PHX-DGC<br><br>**ORDER ENFORCING SUMMONS** |

Based upon the Petition filed by the United States, the pleadings with respect thereto, the appearances of the parties before the Court and good cause appearing,

IT IS HEREBY ORDERED that enforcement of Petitioner's Summons issued to Respondent David H. Griggs is hereby granted based upon Petitioner having met the United States v. Powell, 379 U.S. 48 (1964), criteria for Summons enforcement and Respondent having failed to demonstrate that such enforcement would constitute an abuse of the Court's process or that the Summons was issued by the Internal Revenue Service for an improper purpose; and

IT IS FURTHER ORDERED that Respondent David H. Griggs shall produce documents and testimony required in the Summons within forty-five (45) days of the date of this Order Enforcing Summons to Revenue Officer Jennifer Pardue, at the Small Business/Self-Employed Division – Western Area of the Office of the Area Director of the Internal Revenue Service at 40 West Baseline Road, Suite 212, MS 5102, Tempe, Arizona 85283, or Respondent shall contact Revenue Officer Jennifer Pardue at (602) 207-8589 to arrange the time and place to produce documents and testimony required in the Summons within the forty-five (45) days of the date of this Order;

IT IS FURTHER ORDERED that Respondent may comply within this Order by providing the testimony, and all documents and records Respondent David H. Griggs possesses or controls regarding income Respondent received for the years ending December 31, 2001, December 31, 2002, December 31, 2005 and December 31, 2006, to include but not limited to the following:

(1) All statements of wages, statements for interest and dividend income, employee earnings statements, and records of deposit to banks accounts for the years 2001, 2002, 2005 and 2006; and

(2) Any and all other books, records, documents, and receipts regarding wages, salaries, tips, fees, commissions, and any other compensation for services (including gains from dealings in property, interest, rentals, royalties and dividend income, alimony, annuities, income from life insurance policies and endowment contracts, pensions, income from discharge of indebtedness, distributive shares of

1
2          partnership gross income, income from an estate or trust) for
3          the years 2001, 2002, 2005 and 2006.
4          IT IS FURTHER ORDERED that Respondent's non-compliance with the terms
5   and conditions of this Order may serve as grounds for a finding of civil contempt against
6   him.
7          DATED this 30th day of May, 2008.
8
9
10                                    *David G. Campbell* (signature)
11                                    _____
                                      David G. Campbell
12                                    United States District Judge
13
14
15
16
17
18
19
20
21
22
23
24
25