**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Petitioner,<br><br>vs.<br><br>David H. Griggs,<br><br>    Respondent.<br>_____<br>David H. Griggs,<br><br>    Petitioner,<br><br>vs.<br><br>United States of America; Internal Revenue Service; and Jennifer Pardue, Revenue Officer, IRS,<br><br>    Respondents.<br>_____ | No. CV-08-1016–PHX-DGC<br>(Lead Case)<br><br>No. MC-08-0103-PHX-DGC<br>(Consolidated Case)<br><br><br>**ORDER** |

Pending before the Court is Respondent Griggs's motion for leave to file a reply in support of his objection to Magistrate Judge Mark Aspey's Report and Recommendation ("R&R") of October 7, 2009. Dkt. #79. The Court has already filed an order regarding the R&R and Griggs's objection. Dkt. #81.

Griggs filed the pending motion and lodged a proposed reply on November 24, 2009. Dkt. #79. Griggs admits that he filed his proposed reply after the deadline had passed, but

asserts that his delay should be excused because he is a *pro se* litigant. *Id.* at 1. Griggs does not say why he did not file a motion for extension of time before the deadline passed.

Griggs is a *pro se* litigant, but he still must follow the rules of procedure. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates.").[1] Griggs is *pro se* by choice. The Court provided Griggs with the opportunity to receive appointed counsel if he complied with certain conditions, and he chose not to comply. Dkt. #40.

Given that Griggs has shown no good cause for his delay in filing, the Court will deny his motion for leave to file a reply.[2] The Court's order of November 25, 2009 adopting the R&R and requiring Griggs to comply with the Order Enforcing Summons (Dkt. #10) by January 15, 2010 remains in force.

**IT IS ORDERED** that Griggs's motion for leave to file a reply (Dkt. #24) is **denied**.

Dated this 30th day of November, 2009.

_____
David G. Campbell
United States District Judge

---

[1] Griggs is correct that the complaints of *pro se* litigants are "held to a less stringent standard than formal pleadings drafted by lawyers." *Cruz v. Cardwell*, 486 F.2d 550, 552 (8th Cir. 1973); *see Haines v. Kerner*, 404 U.S. 519 (1972). This case law does not apply to Griggs's reply memorandum, where no pleadings are at issue.

[2] Even if it had considered Griggs's untimely reply, the Court still would have accepted the R&R and ordered Griggs to comply with the Order Enforcing Summons.