**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-08-1016–PHX-DGC |
| Petitioner, | (Lead Case) |
| vs. | No. MC-08-0103-PHX-DGC |
| David H. Griggs, | (Consolidated Case) |
| Respondent. | **ORDER** |
| David H. Griggs, | |
| Petitioner, | |
| vs. | |
| United States of America; Internal Revenue Service; and Jennifer Pardue, Revenue Officer, IRS, | |
| Respondents. | |

On November 25, 2009, the Court filed an Order accepting the Report & Recommendation ("R&R") of Magistrate Judge Mark Aspey and denying Respondent Griggs's motion to dismiss the Court's order enforcing an IRS summons. Dkt. #81. Griggs has filed a motion for reconsideration. Dkt. #83. For the reasons that follow, the Court will deny Griggs's motion for reconsideration.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have

been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Griggs has shown none of these circumstances. He reiterates the arguments made in his original motion and in his objection to the R&R, stating that he never destroyed any records and that he has met his burden of showing that he is unable to produce the records the IRS has requested. Dkt. #83 at 3. Griggs also argues that he should not be required to "go out and obtain documents from other recordkeepers – third parties, such as banks and credit card companies – to satisfy an IRS summons," but he cites no authority in support of this argument. *Id.* at 4. Griggs has failed to show that the law has changed, that facts have changed, or that this Court failed to consider any material facts.

**IT IS ORDERED** that Respondent Griggs's motion for reconsideration (Dkt. #83) is **denied**.

DATED this 14th day of December, 2009.

_David G. Campbell_
David G. Campbell
United States District Judge