**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-08-1016–PHX-DGC (Lead Case) |
| Petitioner, | |
| vs. | No. MC-08-0103-PHX-DGC (Consolidated Case) |
| David H. Griggs, | |
| Respondent. | **ORDER** |
| David H. Griggs, | |
| Petitioner, | |
| vs. | |
| United States of America; Internal Revenue Service; and Jennifer Pardue, Revenue Officer, IRS, | |
| Respondents. | |

On March 25, 2008, the United States filed a motion asking this Court to enforce an IRS summons against David Griggs. Dkt. #1. On June 2, 2008, this Court ordered Griggs to comply with the summons. Dkt. #10. Griggs did not comply. On November 25, 2009, this Court again ordered Griggs to comply with the summons. Dkt. #81. Griggs did not comply. On December 31, 2009, Griggs appealed the Court's decision to the Ninth Circuit. He has filed a motion for a stay pending appeal pursuant to Rule 62 of the Federal Rules of Civil Procedure. Dkt. #87. The Court will deny the motion.

A party seeking a stay pending appeal "must establish that he is likely to succeed on

1 | the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tips in his favor, and that a stay is in the public interest." *Humane Soc'y of the U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) (citing *Winter v. NRDC, Inc.*, — U.S. —, 129 S.Ct. 365, 374 (2008)); *see Nken v. Holder*, — U.S. —, 129 S.Ct. 1749, 1761 (2009).

Griggs argues that the Court should apply the sliding scale analysis previously used by the Ninth Circuit for injunctive relief and stays pending appeal. *See, e.g., Golden Gate Rest. Ass'n v. City & County of S.F.*, 512 F.3d 1112, 1115-1116 (9th Cir. 2008) (stating that a party seeking a stay must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips in its favor). That standard is no longer applicable. Courts in the Ninth Circuit now apply the four-part test cited above. *See Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (preliminary injunction); *Humane Soc'y of the U.S.*, 558 F.3d at 896 (stay pending appeal); *see also Water Wheel Camp Recreational Area, Inc. v. LaRance*, CV-08-0474 PHX DGC, 2009 WL 5175191, *1 (D. Ariz. Dec. 18, 2009); *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, No. CIV 2-04-2265 FCD KJM, 2009 WL 2971547, *2 n.3 (E.D. Cal., Sept. 14, 2009). The first two factors of the four-part test – likelihood of success on the merits and irreparable injury – are the most critical and must be satisfied before the second two factors are considered. *Nken*, 129 S.Ct. at 1761 (citing *Winter*, 129 S. Ct. at 375).

Griggs makes the bare assertion that "[t]here is a good chance that [he] will prevail on the merits of his appeal." Dkt. #87 at 3. Rather than showing why he will prevail, he argues that he need not make such a showing. *Id.* at 2-3. For the reasons discussed in the Report and Recommendation of Magistrate Judge Aspey (Dkt. #75) and this Court's order adopting Judge Aspey's findings (Dkt. #81), Griggs is unlikely to succeed on the merits of his appeal. Because Griggs has failed to show that he is likely to succeed on appeal, the Court need not consider whether he has shown irreparable injury, whether the balance of equities tips in his favor, or whether a stay is in the public interest. *Nken*, 129 S.Ct. at 1761 (citing *Winter*, 129 S. Ct. at 375).

**IT IS ORDERED** that Griggs's motion for stay pending appeal (Dkt. #87) is **denied**.

DATED this 4th day of February, 2010.

_____
David G. Campbell
United States District Judge