**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV-08-1016–PHX-DGC |
| Petitioner, | ) | No. MC-08-0103-PHX-DGC |
| vs. | ) | **ORDER** |
| David H. Griggs, | ) | |
| Respondent. | ) | |
| David H. Griggs, | ) | |
| Petitioner, | ) | |
| vs. | ) | |
| United States of America; Internal Revenue Service; and Jennifer Pardue, Revenue Officer, IRS, | ) | |
| Respondents. | ) | |

On November 25, 2009, the Court issued an order requiring David Griggs to comply with the Order Enforcing Summons (Dkt. #10) by January 15, 2010. Dkt. #81. The Court explicitly advised Griggs of his obligation: Griggs "must make all reasonable efforts to secure the documents called for in the Order Enforcing Summons, including obtaining the documents from banks and credit card companies." *Id.* at 4. The Court warned Griggs that if he failed to comply with the Court's orders by the January 15, 2010 deadline, he may be held in civil contempt. *Id.* at 4-5.

1    The Government has requested the entry of an order to show cause why Griggs should
2    not be held in contempt for failing to comply with the Court's November 25 order. Dkt. #92.
3    The Government states that Griggs failed to appear at his IRS examination scheduled for
4    January 15, 2010 (Dkt. #92-1 at 2), and, as of March 23, 2010, has failed to produce a single
5    responsive document (Dkt. #100 at 2-3).

6    Griggs contends that, "strictly speaking," he has fully complied with the IRS
7    summons in that he possesses no documents relevant to the tax years at issue. Dkt. #98 at
8    1. Griggs asserts that "the question remains as to the compulsory production of documents
9    that [he] does not have, but might be obtained from third party record keepers." *Id.* He
10   claims to be making "every reasonable effort" to comply with this part of the Court's order.
11   *Id.* at 2.

12   Griggs will be required to appear before the Court and show cause why he should not
13   be held in civil contempt for failing to comply with the Court's order of November 25, 2010
14   (Dkt. #81). The order to show cause hearing will be held on **April 16, 2010 at 2:00 p.m.**

15   Griggs notes in his response that he has not had the benefit of counsel in this matter
16   and cannot afford an attorney. Dkt. #98 at 2. An indigent litigant generally is entitled to
17   appointed counsel in a contempt proceeding. *See United States v. Sun Kung Kang*, 468 F.2d
18   1368, 1369 (9th Cir. 1972). Griggs, however, has declined to file a financial affidavit
19   publicly and not under seal. *See* Dkt. #40. He therefore has failed to establish a right to
20   appointed counsel. *See United States v. Ellsworth*, 547 F.2d 1096, 1099 (9th Cir. 1976) ("the
21   burden of proof of financial status is on the defendant who seeks free appointed counsel").

22   **IT IS ORDERED:**

23   1.  The Government's request for entry of order to show cause (Dkt. #92) is
24       **granted**.
25   2.  A hearing is set for **April 16, 2010 at 2:00 p.m.** David Griggs shall appear at
26       the hearing and show cause why he should not be held in civil contempt for
27       failing to comply with the Court's order of November 25, 2010 (Dkt. #81). A
28       copy of the November 25 order is attached to this order as Exhibit A.

1  3.  If Griggs fails to appear at the April 16 hearing, the Court will issue a bench
2      warrant for his arrest.
3  DATED this 25th day of March, 2010.

_____
David G. Campbell
United States District Judge